<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| EDWARD TIERNEY, <br><br> *Plaintiff*, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> *Defendant*. | Civil Action No. 25-14647 <br><br> **OPINION** <br><br> **July 17, 2026** |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court pursuant to Edward Tierney's ("Plaintiff") appeal from the final administrative decision of the Commissioner of Social Security Administration ("Commissioner") denying Plaintiff's application for disability benefits under Title II of the Social Security Act and Plaintiff's Motion for Judgment on the Pleadings. (ECF 6, "Motion" or "Mot.")  This Court, having reviewed the administrative record and considered the submissions of the parties, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons discussed below, the Court **REMANDS** this case to the Administrative Law Judge ("ALJ") for further review consistent with the findings contained in this Opinion.

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

The essential facts in this matter are undisputed and known to the parties.  Therefore, the Court will only recount a brief factual and procedural history of this matter necessary to its determination on appeal.

On or about November 12, 2020, Plaintiff filed an application for Social Security disability benefits, asserting a disability beginning on October 12, 2019 through the date Plaintiff was last insured, December 31, 2022.  (ECF 1, "Complaint" or "Compl." ¶ 6; ECF 5, "Administrative Record," or "A.R." at 12.)  Plaintiff alleged disability resulting from several conditions, including, but not limited to: hypothyroidism/hyperthyroidism; degenerative disc disease of the cervical spine with radiculopathy; degenerative disc disease of the lumbar and thoracic spine; right shoulder tendonitis; right shoulder superior glenoid labrum lesion with impingement syndrome; status post left shoulder arthroscopy with left long thoracic nerve neuropathy; left shoulder muscle wasting status post radiation treatment for Hodgkin's lymphoma; carpal tunnel syndrome; pituitary adenoma; status post triple coronary artery bypass with mitral valve repair; ischemic cardiomyopathy; congenital mitral valve regurgitation/prolapse status post mitral valve repair; coronary artery disease with left ventricle dysfunction; myofascial pain syndrome; arteriosclerotic heart disease; and anemia.  (A.R. at 12.)

Plaintiff was issued a Notice of Disapproved Claim on March 3, 2021.  (Compl. ¶ 7.)  Plaintiff subsequently filed a Request for Reconsideration, which was denied on June 1, 2021.  (*Id*. ¶ 8.)  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on September 30, 2021 before ALJ Robert Gonzalez.  (*Id*. ¶ 9.)  ALJ Gonzalez issued a decision

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1) and the ALJ's April 25, 2025 decision.

finding Plaintiff was not disabled on December 2, 2021. (*Id*. ¶ 10.) Plaintiff submitted the decision for review by the Appeals Council on January 28, 2022. (*Id*. ¶ 11.) The Appeals Council issued a final administrative decision adopting the ALJ's decision on October 27, 2022. (*Id*. ¶ 12.) Plaintiff subsequently sought review of the ALJ's decision in the United States District for the Southern District of New York before Judge Paul A. Englemayer, who remanded the matter for further administrative proceedings. (*Id*. ¶ 13.) After holding a telephone hearing, ALJ Gonzalez issued another unfavorable decision as to Plaintiff's application on April 25, 2025, which is now the final decision of the Commissioner ("ALJ Final Decision"). (*Id*. ¶¶ 15-16.)

Plaintiff again appealed the final decision of the Commissioner and filed his Complaint in this Court on August 14, 2025. (Compl.) The administrative record of the prior proceedings was filed in this action on November 14, 2025. (A.R.) Plaintiff filed a Motion for Judgment on the Pleadings and an accompanying brief on December 15, 2025. (Mot.) Plaintiff filed a brief in support of his motion also on December 15, 2025. (ECF 7, "Plaintiff's Brief" or "Pl. Br.") The Commissioner responded to Plaintiff's Motion on January 13, 2026. (ECF 9, "Opposition" or "Opp.") Plaintiff filed a reply brief on January 27, 2026. (ECF 10, "Reply".)

## II.    LEGAL STANDARDS

### A. Sequential Evaluation Process

ALJ's use a five-step sequential evaluation process to determine whether a claimant is disabled for the purpose of receiving disability benefits. *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014). For the first four steps of the ALJ's evaluation process, the claimant has the burden of establishing his disability by a preponderance of the evidence. *Id*. at 611–12. First, the claimant must show that he was not engaged in "substantial gainful activity" for the relevant time period. 20 C.F.R. § 404.1572. Second, the claimant must demonstrate that he has a "severe medically

3

determinable physical and mental impairment" that lasted for a continuous period of at least twelve months. *Id.* §§ 404.1520(a)(4)(ii), 404.1509.  Third, either the claimant shows that his condition is or medically equals one of the Commissioner's listed impairments under 20 C.F.R. Part 404, Subpart P, Appendix 2, and that he is therefore disabled and entitled to benefits, or the analysis proceeds to step four. *Id.* § 404.1420(a)(4)(iii).  Fourth, if the condition is not equivalent to a listed impairment, the ALJ must assess the claimant's residual functional capacity ("RFC"), and the claimant must show that he cannot perform his past work. *Id.* §§ 404.1520(a)(4)(iv), 404.1520(e). If the claimant meets his burden, the burden then shifts to the Commissioner for the last step. *Zirnsak*, 777 F.3d at 612.  At the fifth and final step, the Commissioner must establish that other available work exists that the claimant can perform, based on his RFC, age, education, and work experience. *See id.*; 20 C.F.R. § 404.1520(a)(4)(v).  If the claimant can make "an adjustment to other work," he is not disabled. *See id.* § 404.1520(a)(4)(v).

### B.  District Court's Review of the Commissioner's Decision

This Court must uphold the Commissioner's factual findings where they are supported by "substantial evidence."  42 U.S.C. § 405(g); *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). Substantial evidence is defined as "more than a mere scintilla," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012).  Courts may not set aside the Commissioner's decision if it is supported by substantial evidence, even if this Court "would have decided the factual inquiry differently." *Holly v. Colvin*, 975 F. Supp. 2d 467, 475 (D.N.J. 2013).

When reviewing a matter of this type, this Court must be wary of treating the determination of substantial evidence as a "self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).  This Court must set aside the Commissioner's decision if it did not

take into account the entire record or failed to resolve an evidentiary conflict. *See Schonewolf v. Callahan*, 972 F. Supp. 277, 284-85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)). Evidence is not substantial if "it really constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 110, 114). Still, "the threshold for [substantial] evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

## III.    ANALYSIS

Plaintiff presents four points for reversal. In Point I, Plaintiff argues the ALJ improperly applied step two of the sequential evaluation process by finding Plaintiff's anemia and hemorrhoids were non-severe impairments, and affording insufficient weight to the opinions of Plaintiff's treating providers. (Pl. Br. at 21-23.) In Point II, Plaintiff argues that the ALJ's analysis of his RFC failed to properly consider the testimony of a vocational expert. (*Id*. at 33.) In Point III, Plaintiff claims the ALJ improperly rejected his subjective complaints, and in Point IV, Plaintiff claims the ALJ erred at step three of the analysis by finding Plaintiff did not meet the medical equivalent of the severity of any listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 37.)

### A. The ALJ Improperly Dismissed Plaintiff's History of Anemia and Hemorrhoids During the Relevant Period at Step Two.

Plaintiff argues that the ALJ erred at step two of the sequential analysis by improperly determining that the effects of his anemia and hemorrhoids were not severe. (Pl. Br. at 21–22.) Plaintiff argues the ALJ incorrectly disregarded evidence showing he suffered from the effects of anemia during the relevant period, and his hemorrhoids worsened his condition. (*Id*. at 23.) In response, the Commissioner argues that because the ALJ determined Plaintiff to have multiple

severe impairments, he ultimately found in his favor at step two, and his conclusion that other impairments were non-severe was harmless. (Opp. at 7.) The Court agrees with Plaintiff that the ALJ disregarded relevant medical evidence of Plaintiff's impairments from these conditions from the relevant period.

At step two of the sequential analysis, the ALJ must determine whether the claimant has medically severe impairments or a combination of impairments. *Rebecca L. v. Comm'r of Soc. Sec.*, 617 F. Supp. 3d 256, 265 (D.N.J. 2022). An impairment is "severe" if it "significantly limits an individual's physical or mental abilities to do basic work activities." 20 C.F.R. § 404.1520(c). The impairment must also be "something beyond a slight abnormality which would have no more than a minimal effect on the Plaintiff's ability to do basic work activities." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (quoting SSR 85-28, 1983-1991 Soc. Sec. Rep. Serv. 390, 1985 WL 56856, at *4). The claimant has the burden of establishing his impairment is severe, but this burden is *de minimis*. *Rebecca L.*, 617 F. Supp. 3d at 266.

To support the argument that "the ALJ's analysis of a case beyond step two renders any alleged error at step two harmless," the Commissioner relies on *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005)). In *Salles*, the Third Circuit affirmed the decision of an ALJ who concluded a claimant's degenerative disc disease and monocular vision were severe, but the claimant's HIV, depression, and visual problems were non-severe impairments. 229 F. App'x at 144. The ALJ determined the other conditions to be non-severe because while the claimant testified that she experienced symptoms from these ailments, "she [did] not dispute the Commissioner's observation that there was no medical evidence in the record before the ALJ that Salles had been diagnosed with or

6

treated for these conditions." *Id*. at 144-45. Furthermore, the Third Circuit reasoned that symptoms or complaints resulting from an ailment alone are insufficient for a condition to be severe, and the claimant must show "medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment." *Id*. at 145 (citing SSR 96-4p, 1996 WL 374187, at *1). Because the claimant in *Salles* did not present evidence beyond her own testimony that her other conditions resulted in functional limitations, the court affirmed the ALJ's decision. *Id*.

Here, Plaintiff points to record evidence supporting his claim that he suffered functional limitations from anemia and hemorrhoids during the relevant period. (*See* Pl. Br.. at 22-23, 30.) The treatment notes from an March 30, 2023 visit with Dr. Kondagunta reference "approximately 8 months of severe hemorrhoidal bleeding." (A.R. at 1910.) The notes also state that around February 2022, Plaintiff had "hemorrhoid banding that was not successful, and he has continued bleeding since then. (*Id*.) Plaintiff also references blood tests completed during the relevant period that at times show results indicating anemia. (*Id*. at 927, 973, 1828, 1853, 1999.) Plaintiff also raises the fact that he required a multivitamin for iron deficiency during the relevant period. (*Id*. at 756; Mot. at 22.)

The Court holds this record evidence from the relevant period should have been considered at step two of the sequential evaluation to determine if Plaintiff's conditions resulting from anemia and hemorrhoids are severe. The ALJ should have also considered evidence from the March 2023 doctors' visits that reference information from the relevant period. *See A.D. v. Comm'r of Soc. Sec.*, No. 24-6321, 2025 WL 1248933, at *2 (D.N.J. Apr. 30, 2025) (holding records made outside the relevant period that "make[] statements that may be informative about the period at issue"

should be considered by ALJs).  Unlike the claimant in *Salles*, Plaintiff has presented medical evidence and laboratory testing supporting his testimony that he is severely impaired.

This matter is distinguishable from *Rutherford*, where the Third Circuit  held that an ALJ's alleged error in not explicitly considering a claimant's disability was harmless because the disability (obesity) was in fact indirectly considered by the ALJ.  *Rutherford*, 399 F.3d at 552-53. The ALJ in *Rutherford* accepted the opinions of the claimant's doctors who knew about his obesity and incorporated the obesity into their respective reviews.  *Id*. at 553 ("[T]he ALJ adopted the limitations suggested by the specialists and reviewing doctors, who were aware of [claimant's] obesity. Thus, although the ALJ did not explicitly consider [claimant's] obesity, it was factored indirectly into the ALJ's decision as part of the doctors' opinions.").  Furthermore, the claimant did not specify how his obesity contributed to his inability to work, *id*., while Plaintiff articulates that his anemia and hemorrhoids would impact his absenteeism and time on task if employed. (Pl. Br. at 23.)  In this case, the ALJ rejected most of the opinions of Plaintiff's treating doctors that predicted Plaintiff would be chronically off-task or absent due to his severe conditions.  (*See generally* ALJ Final Decision.)  Therefore, there is no evidence that the effects of these ailments were considered at later steps of the sequential evaluation.  *See Naomi Rodriguez v. Berryhill*, No. 18-684, 2019 WL 2296581, at *10 (M.D. Pa. May 30, 2019) ("[W]here it appears that the ALJ's error at step two also influenced the ALJ's RFC analysis, the reviewing court may remand the matter to the Commissioner for further consideration.").  The Court holds the ALJ must consider the evidence cited by Plaintiff and determine whether Plaintiff's anemia and hemorrhoids result in severe impairments individually or in combination with Plaintiff's other conditions.  Because the ALJ erred at step two, the Court need not evaluate Plaintiff's remaining arguments.

IV.    **<u>CONCLUSION</u>**

The ALJ's determination that Plaintiff's anemia and hemorrhoids were non-severe impairments at step two was not supported by substantial evidence.  The Court hereby **REMANDS** the Commissioner's decision to the ALJ for further consideration of Plaintiff's severe impairments.  The Court does not require the ALJ to make any specific findings at step two.  An accompanying Order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:      Parties

9